CHARLES L. TURNER, Respondent, v. A. H. SNYDER, Appellant.

**Kansas City Court of Appeals, June 8, 1908.**

1. REAL ESTATE BROKER: Reasonable Time: Revocation of Agency. A contract where the time is not limited with a real estate broker to sell land implies that he will produce a purchaser within a reasonable time, and after such time the land owner may revoke the agency and sell to a party first discovered by the agent.

2. ———: ———: Petition: General Denial: Instruction. A petition for commissions by a real estate broker averred an employment to procure a purchaser without mentioning any time limit. *Held*, that a reasonable time was implied and that under a general denial it was incumbent on the plaintiff to show that the purchaser was procured within such time and the defendant could show to the contrary; and the question of reasonable time should be sent to the jury.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs*, Judge.

REVERSED AND REMANDED.

*Thomas & Hackney* for appellant.

(1) The plaintiff's testimony is that no time was fixed. This being the case the plaintiff must have produced a purchaser within a reasonable time thereafter. Hearst v. Williams, 102 S. W. 1176; Randolph v. Frick, 57 Mo. App. 400; Bradnor v. Rockdale Powder Co., 115 Mo. App. 102; Locksley v. Studebaker, 68 Atl. 98; LaForce v. Washington University, 106 Mo. App. 517.

*McReynolds & Halliburton* for respondent.

(1) The lower court did not err in refusing defendant's instructions as to procuring a purchaser in a reasonable time. Because no such issue was tendered by the pleadings. Defendant's answer is a general denial, which only tenders two issues: a. That plaintiff was not employed by defendant. b. That plaintiff did not procure a purchaser. (2) That plaintiff did not procure a purchaser in a reasonable time is an affirmative defense, that should have been pleaded if intended to be urged by defendant as a defense to recovery. Such defense necessarily admits the employment and the procuring of a purchaser by plaintiff. Randolph v. Frick, 57 Mo. App. 405; Royal Remedy Co. v. Grocer Co., 90 Mo. App. 59; Riggins v. Railroad, 73 Mo. 607; Mossman v. Bender, 80 Mo. 585; Budd et al. v. Hoffmeister, 52 Mo. 302; Veatch v. Norman, 109 Mo. App. 387; Morley v. St. Joseph, 112 Mo. App. 675. The agency of plaintiff being a continuing agency, before defendant could defeat plaintiff in the recovery of his commission, in this case, defendant should, in good faith, without design to avoid the payment of commission, have revoked plaintiff's agency to procure a purchase before the sale to purchaser procured by plaintiff. LaForce v. Washington University, 106 Mo. App. 523; Salee v. McMurray, 113 Mo. App. 253; Glade v. Mining Co., 107 S. W. 1005. (3) Defendant's instructions on the question of procuring a purchaser in a reasonable time were properly refused, because they do not furnish any guide or basis from which to determine what would be a reasonable time. What is reasonable time, is a mixed question of law and fact, and the instructions should give some basis upon which to determine what is a reasonable time in any given case. Sloop v. Railway, 93 Mo. App. 609; Skeen v. Springfield Engine & Thresher Co., 34 Mo. App. 497, citing Linville v. Welch, 29 Mo. 203;

Fugitt v. Nixon, 44 Mo. 295.; Osborne v. Marks, 29 Mo. 1.

ELLISON, J.—Plaintiff brought this action to recover a commission on the sale of real estate and other property for defendant. He prevailed in the trial court. All of the property was not sold at one time, there being a period of near three years intervening. The petition alleges that defendant employed plaintiff to "procure a purchaser for all of said property in said city of Carthage, agreeing with the plaintiff that if plaintiff produced a purchaser or purchasers for the same that defendant would pay the plaintiff therefor the sum of one thousand dollars. That plaintiff at once set about procuring a purchaser such as would be satisfactory to defendant, and that plaintiff succeeded in procuring and did procure a purchaser for all of said property and that defendant sold and conveyed the property to the purchaser so procured by the plaintiff." Demand and refusal of payment of the sum agreed upon is then alleged. The answer was a general denial.

Defendant complains of the refusal of the trial court to instruct the jury that if they believed that no time was fixed by the contract for procuring the purchaser, then it was the duty of plaintiff to procure him within a reasonable time and unless he did so there could be no recovery. While it is true that in this case defendant sold the property to the party originally brought to him by plaintiff, yet the law is that if there is no time limit to the contract, a reasonable time is implied, and after the expiration of that time the owner may, in good faith, revoke the agency and sell to the party first discovered by the agent. [La Force v. Washington University, 106 Mo. App. 517.] And we held in an opinion by BROADDUS, P. J., that after the expiration of such time a sale by the owner oper-

ated to revoke the agency.    [Wallace v. Figone, 107 Mo. App. 362.]

The question here, as presented for decision, is solely one of pleading.  Plaintiff contends that the instruction offered by defendant was properly refused for the reason that the defense of non-performance within a reasonable time was not set up in the answer. Defendant insists that such defense is admissible under a general denial.  Aside from the effect which the pleading may have, there is no doubt the instruction was proper.  [Hearst v. Williams (Ky.), 102 S. W. 1176.]

A general denial will permit the introduction of any evidence which tends to show that the case stated by plaintiff never existed.  New matter, which the code requires shall be specially set up by answer, is rather in the nature of a confession and avoidance.  It admits a cause of action once existed but for some intervening cause it has ceased.  We discussed the question in Cushing v. Powell, 130 Mo. App. 576, and refer thereto for support of what we have here said.  [See, also, Jones v. Rush, 156 Mo. 364.]

In this case the petition, by legal intendment, alleges the contract to be that a purchaser ready, able and willing to purchase was to be produced within a reasonable time.  In order to make out his case it devolved upon plaintiff to show to the satisfaction of the jury that he procured such a purchaser within such time, that is to say, the time shown must be a reasonable time; and any evidence in defendant's behalf was admissible under a general denial which would tend to prove the contrary.  So, therefore, it seems apparent that the instruction presenting this phase of the evidence in defendant's behalf should have been given. The judgment is reversed and the cause is remanded.  All concur.