J. ALLEN PREWITT, APPELLANT, v. IDA C. WITTS, RESPONDENT.

Kansas City Court of Appeals. February 17, 1930.

*W. B. Dickinson* and *Hillman & Dickinson* for appellant.

*Harris & Koontz* for respondent.

BARNETT, C.—This is a suit wherein plaintiff seeks to recover a real estate broker's commission. The petition alleges that plaintiff entered into a contract whereby defendant agreed to pay plaintiff, upon the sale of about eighty-eight acres of her land in Jackson County, Missouri, a commission of five per cent of the sale price; that pursuant to said contract plaintiff procured purchasers of said property and defendant accepted said purchasers so procured by the plaintiff and defendant sold said land to the purchasers so procured for $42,923.80, and the plaintiff was the procuring cause of the sale. Defendant filed a general denial, but before the cause went to the jury, defendant, over the objections of plaintiff but by leave of court, filed an amended answer which was a general denial together with an allegation that at the time the negotiations for the sale of the property were consummated by an agreement as to the price thereof, plaintiff, in consideration of defendant reducing the price of such land and reducing the rate of interest on the deferred part of the purchase price, agreed to waive and did waive any right which he had to any commission in connection with the sale of such land.

The plaintiff's evidence was to the effect that he wrote the defendant a letter telling her that he was a member of a golf club and that if she would submit to him her very best price on the basis of a five per cent commission to him for selling her land he would busy himself in an effort to get the club members interested in purchasing the land. Thereafter, Mr. Harris, attorney for defendant, authorized the plaintiff to sell defendant's land for $500 an acre. Plaintiff, being a member of the golf club, brought before the members of the club the question of purchasing the defendant's land and succeeded in arousing their interest. A committee was appointed to enter into negotiations for the purchase of the land. Mr. Bostian, one of the members of the committee, expressed a desire to ascertain whether or not it would be possible to purchase the land for less than $500 an acre. Members of the committee, including Mr. Bostian, met with Mr. Harris to talk about making a purchase. At that time Mr. Harris privately told plaintiff that there was some bitterness on the part of the members of the committee because he was going to get a commission, and the plaintiff stated that he did not want the members of the committee to go back to the members of the golf club and reopen the transaction, because that would probably mean that the deal would fall through. Thereupon, plaintiff voluntarily agreed with Mr. Harris that he would accept a commission of two and one-half per cent of the purchase price, on condition that defendant would permit him to sell another eighty acres of land belonging to defendant for $450 an acre. The plaintiff testified that Mr. Harris agreed to this modification, but after the land was sold to the

golf club the authority to sell the additional eighty acres of land was withdrawn.

Defendant's testimony was to the effect that when the members of the committee met with Mr. Harris to talk about the purchase of defendant's real estate Mr. Bostian overheard a conversation between the plaintiff and Mr. Harris and thereby learned for the first time that plaintiff was to get a commission for making the sale. Mr. Bostian was highly indignant, and insisted that it was the understanding that no member of the club was to get a commission, and that he would report back to the members and break up the negotiations. Whereupon, the plaintiff announced to Mr. Bostian that he was willing to waive his commission; and that the golf club would get the benefit of it, and that the land would be sold to them cheaper and that the rate of interest would be cheaper. Then Mr. Harris, defendant's agent and attorney, was called in and Mr. Bostian stated in his presence: "Mr. Prewitt has agreed that the golf club may have the advantage of the commission." Mr. Harris testified that Mr. Bostian said in the plaintiff's presence that Mr. Prewitt had agreed to give the golf club his commission if defendant would put the deal through; that the witness asked Mr. Prewitt if that was correct and Mr. Prewitt said: "It is." Up until the time of this conversation the defendant, through her agent, had been demanding $500 an acre for her land and six per cent interest on the deferred payments. After Mr. Prewitt had stated that he would waive his commission and give the golf club the benefit thereof Mr. Harris, acting for defendant, agreed to sell the land for $487.50 per acre and that the deferred payments should bear five and one-half per cent interest.

At the close of all the evidence the plaintiff asked instruction P-1, which was the main instruction directing a verdict for plaintiff. The instruction as offered, after enumerating the essential elements of plaintiff's case, directed a verdict unless the jury found from *the preponderance or greater weight* of all the credible testimony that at the time the negotiations for the sale were consummated the plaintiff in consideration of the defendant's reducing the price of the land and reducing the rate of interest upon the deferred part of the purchase price, waived his right, if any, to a commission for procuring a purchaser. Over the objections and exceptions of plaintiff the court modified this instruction by striking out the words "the preponderance or greater weight of." By striking out these words the court refused to give an instruction for plaintiff that would put the burden of proof upon the defendant to show that the plaintiff had abandoned or waived his claim to a commission. At defendant's request the court gave instructions D-2, D-3 and D-5. They are as follows:

"D-2. The court instructs the jury that before you can find for the plaintiff you must find and believe from the evidence that the plaintiff was the procuring cause of the sale of defendant's land to the purchaser.

"D-3. The court instructs the jury that if you find and believe from the evidence that the plaintiff at the time of the consummation of the agreement for the purchase of the land by the golf club or its members, agreed to waive any right he might have to a commission on account of such sale if the defendant would make the price of such land $487.50 per acre and would make the rate of interest upon the deferred purchase price five and one-half per cent per annum, and if you further find that the defendant did make such price and rate of interest to such purchasers, then your verdict must be for the defendant.

"D-5. The court instructs the jury that the burden is upon the plaintiff to prove his case by the preponderance of the evidence, and by preponderance of the evidence is meant the greater weight of the credible testimony offered in the case, and you are further instructed that in passing upon the weight to be given to the testimony of any witness, you may take into consideration the interest, if any, of such witness in the result of the case and the demeanor of such witness upon the stand."

There was a verdict for defendant. A motion for new trial was overruled and plaintiff has appealed.

## Opinion.

The plaintiff contends that the court erred in overruling plaintiff's motion for new trial, because the verdict should have been for the plaintiff. Plaintiff did not ask the court to direct a verdict in his favor, but asked an instruction to the effect that if the plaintiff had a contract with the defendant whereby he was to receive a commission of five per cent upon the sale of the land in question and that pursuant to said employment he procured the purchasers for the land and defendant accepted the purchasers so procured and sold the land to them, unless the jury found that at the time the negotiations for the sale were consummated in consideration of defendant's reducing the price of the land and the rate of interest upon the deferred part of the purchase price, plaintiff waived his right, if any, to a commission for procuring the sale of the land, then the verdict should be for the plaintiff. The plaintiff cannot complain that the case was not tried upon a theory different from that for which he contended at the trial. [Coleman v. Rightmyer, 285 S. W. 403; Carpenter v. Burmeister, 217 Mo. App. 104, 273 S. W. 418; Yellin v. National Surety Co., 282 S. W. 520; Oberdan v. Evans & Howard Fire Brick Co., 296 S. W. 161; Nolan v. School District, 300 S. W. 523; Anderson v. Davis, 314 Mo. 515, 284 S. W. 439.]

Furthermore, we are of the opinion that the defendant's evidence, if believed by the jury, constituted a complete defense to the action. According to that evidence the plaintiff did not procure a purchaser by a performance of his contract with the defendant, but by an abandonment thereof. So long as the contract for a commission was in existence it was beyond the power of plaintiff to bring the minds of the prospective purchasers and vendor together. It was only by an abandonment of his contract, whereby the defendant was induced to change the terms upon which the plaintiff had been authorized to sell, that the parties were brought together.

Appellant contends that the court erred in refusing to give plaintiff's instruction P-1 as requested and in giving defendant's instruction D-5 for the reason that these instructions put the burden upon plaintiff to prove that he had not waived his right to a commission. If the defense disclosed by defendant's testimony was an affirmative defense it was necessary that it be specially pleaded, and the burden of proof was on the defendant. If it was not an affirmative defense the testimony would have been admissible under a general denial, and the burden was upon the plaintiff. It has many times been said that waiver is a special defense and must be specially pleaded. On the other hand it has been said that the general denial authorizes proof of any facts tending to show that plaintiff's cause of action never existed. [Enright v. Schaden, 242 S. W. 89; Pecher v. Howd, 217 Mo. App. 113; Long v. Montgomery, 295 S. W. 811; Baker v. Scott County Milling Co., 20 S. W. (2d) 494; St. Louis Perfection Tire Co. v. McKinney, 212 Mo. App. 355, 245 S. W. 100; Hill-Dodge Banking Co. v. Loomis, 140 Mo. App. 62; Hellmuth v. Benoist, 144 Mo. App. 695; Cushing v. Powell, 130 Mo. App. 576.]

"Defendant is required to plead affirmatively only matters in the nature of confession and avoidance (or avoidance), that is, matters which, though the statements in the petition may be true, would nevertheless defeat the action, as for example, release, payment, accord and satisfaction, etc." [Jones v. Rush, 156 Mo. 364, l. c. 371.]

It is obvious that if the two doctrines above mentioned should ever overlap, then one must give way to the other. We think that the rule that all matter in avoidance must be specially pleaded, but that all evidence tending to show that plaintiff never had a cause of action may be introduced under the general denial, is the general rule, and that the many decisions wherein it was said that a waiver must be specially pleaded only made specific application thereof. Waiver is nearly always matter in avoidance. For this reason alone it must nearly always be specially pleaded. But in this case the evidence tends to show that the plaintiff abandoned a contract under which he had never acquired any right to a commission. The waiver which must be specially pleaded is the relinquishment

of an existing right. [40 Cyc., 258.] Estoppel is a near relative of waiver, and therefore nearly always arises by way of avoidance. For this reason it has been many times stated that an estoppel must be specially pleaded. Yet, this is not always so. [21 C. J., 1246; Ess v. Griffith, 139 Mo. 322; Akers v. Kolkmeyer, 97 Mo. App. 520; Grafeman Dairy Co. v. Northwestern Bank, 290 Mo. 311, 235 S. W. 435; Bryant v. West, 219 S. W. 355, l. c. 359.]

In the Bryant case, supra, the Supreme Court held that it was not necessary that the estoppel there involved be pleaded, and by way of analogy called attention to the fact that a statute of limitations must in most instances be pleaded, but that the ten year Statute of Limitations which vests title in one who has held by adverse possession actually transfers the title, and that title under such statute might be shown under a general denial. It has been held that waiver is similar to estoppel and for that reason should be specially pleaded as new matter. [Baldwin Locomotive Works v. Hinds Lumber Co., 13 A. L. R., l. c. 1062.] We think that the St. Louis Court of Appeals accurately stated the doctrine thus:

"When plaintiff set up waiver and estoppel by way of confession and avoidance in her reply the burden of proof to establish such issue was upon her." [Park v. Fidelity & Casualty Co., 279 S. W. 246, l. c. 249.]

In Turner v. Snyder, 111 S. W. 858, Judge ELLISON, speaking for this court, said that a general denial authorized evidence tending to show that the case stated by plaintiff never existed, new matter required by the Code to be specially pleaded being in the nature of a confession and avoidance; and hence, in an action to recover a real estate broker's commission for procuring a purchaser defendant could, under a general denial, show that plaintiff failed · to procure a purchaser within a reasonable time. In that case the defendant's evidence was to the effect that there was no time limit mentioned in the contract of agency, and after a reasonable time had expired and the broker had not procured a purchaser defendant revoked the agency and sold the property to the prospect with whom the broker had been dealing.

We have examined all of the cases cited by the appellant. This opinion would be so long as to be chaotic if we should attempt to set forth an analysis of each of the cases cited. Some of them hold that matter in avoidance must be specially pleaded where it is sought to show that plaintiff's cause of action had been extinguished by release, waiver or otherwise. Others hold that a subsequent modification or cancellation of a contract is a special defense that must be pleaded, but they were cases where defendant had become liable upon the contract and relied upon the subsequent modification or cancellation as a discharge. In other cases the contract pleaded in the petition was admitted in the answer, and therefore

it was held that a modification or cancellation of the contract could not be shown under the pleadings. There was a time when our Code did not provide for a general denial. Section 12, chapter 165, General Statutes of Missouri, 1865, provided that the answer of the defendant should contain, first; a special denial of each material allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; second, a statement of any new matter constituting a defense or counterclaim. Decisions as to what had to be specially pleaded when that statute was in force throw no light upon the question before us. There are some early decisions to the effect that the general denial puts in issue *all of the allegations of the petition,* and at that time the courts did not clearly distinguish between evidence of matter in avoidance and evidence tending to show that plaintiff never had a cause of action. Those decisions are not in harmony with the present conception of the office of a general denial.

We think the new matter injected into the case by the defendant was merely evidence that plaintiff never had a cause of action, not that the plaintiff's cause of action had been extinguished. The plaintiff had a contingent contract for a commission and abandoned it. This could be shown under the general denial; because proof that plaintiff had a contract whereby he would be entitled to a commission if he procured a purchaser pursuant to the contract was not sufficient to justify a recovery. It was necessary for plaintiff to prove by the greater weight of the evidence that pursuant to that contract and in performance thereof he procured a purchaser. The defendant's evidence tended to show that plaintiff's allegation that he procured a purchaser and that defendant accepted the purchaser pursuant to the contract of agency was not true. This could be shown under the general denial and therefore the burden was upon the plaintiff for the same reason that it was held in Turner v. Snyder, supra, that it might be show under the general denial that the plaintiff did not procure a purchaser within a reasonable time and that the defendant revoked the broker's agency before a purchaser was procured.

It is claimed that the court erred in giving defendant's instruction D-2 which told the jury that before plaintiff could recover the jury must find that plaintiff was the procuring cause of the sale, for the reason that the question as to whether or not the plaintiff was the procuring cause was only admissible under the general denial which had been waived by the special plea of waiver in confession and avoidance. It is said that the special plea of waiver was inconsistent with the general denial and that the general denial was thereby vitiated. Whether or not the general denial was merged in what we conceive to be a denial by specific averment, yet the plaintiff himself submitted the question by instruction P-1, wherein the jury

was required to determine whether or not plaintiff procured purchasers for the land. Plaintiff cannot now be heard to say that this was not a question for the jury.

It is contended that the court erred in giving instruction D-3 by which the jury was told that if they found from the evidence that plaintiff, at the time of the consummation of the agreement for the purchase of the land, agreed to waive any right he might have to a commission on account of such sale if defendant would change the terms governing the price and the manner of payment, and that defendant did make such change in the terms, then the verdict should be for the defendant. It is claimed that this instruction was not based upon any evidence, because no witness swore that plaintiff waived "any right he might have to a commission." It is also claimed that the only statements in any way denying plaintiff's right to a commission were made by the members of the golf club who had not employed the plaintiff. We cannot agree with these views. If the plaintiff said he would waive his commission then he waived any right he might have to a commission. The instruction need not put to the jury the exact words used by any witness. It is proper to submit whether or not the party made a material agreement, no matter in what words that agreement was expressed. The fact that the members of the golf club refused to consummate the purchase on account of plaintiff's contract for a commission is against him. If the defendant had seen fit to close a contract with the members of the golf club whereby she agreed to sell her property for the amount she had originally asked less the amount of plaintiff's commission without any agreement upon the plaintiff's part that he would waive his contingent right in order to bring the parties together, then it is quite clear that plaintiff could recover. But the objection was made by the prospective purchasers who were under no obligation of any kind to the plaintiff. They could refuse to purchase for any reason or for no reason and thus defeat his right to a commission. This obstacle having arisen, the plaintiff had a right to say that he would not bring the purchasers and the defendant together on terms which would not benefit him; or he had a right to say that in view of the fact that he would not get a commission in either event, he would withdraw the obstacle and permit the sale to be consummated. the judgment should be affirmed. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is adopted by the court. The judgment is affirmed. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.