Paul BLUMENKAMP, Plaintiff-Appellant,

v.

TOWER GROVE BANK & TRUST COMPANY, a Corporation, Defendant-Respondent.

No. 34099.

Missouri Court of Appeals,
St. Louis District, Division One.

July 18, 1972.

change therefor defendant delivered to plaintiff a note secured by a deed of trust on property known as and numbered 4101 Russell Boulevard, in the City of St. Louis, Missouri. Both the note and the deed of trust bore the purported signatures of Lawrence F. Otto and Virginia H. Otto, his wife, and Philip L. Otto and Betty Otto, his wife, each couple being the owners of an undivided one-half interest in the property. There is no dispute that after plaintiff had received from Lawrence F. Otto four payments of $50.00 each on the note Otto died on December 27, 1966, and all of the signatures on the note, except that of Otto, were shown to have been forged. In fact, in a prior proceeding instituted by Philip Otto and the other purported signers the court held their signatures to have been forged, and voided and cancelled the note and deed of trust. Having introduced such evidence plaintiff then rested his case.

Defendant's evidence conclusively showed, and plaintiff does not contend to the contrary, that plaintiff had in fact purchased the note and deed of trust from Otto, that Otto had pledged the note and deed of trust with the defendant as collateral to secure a loan of over $20,000 from the defendant to Otto, and that defendant had delivered the note and deed of trust to plaintiff, and received the $7050 from plaintiff, as Otto's agent and pursuant to his written instructions to the defendant. When defendant sought to introduce its evidence showing that plaintiff was aware that Otto was the owner of the deed of trust, that the defendant merely held it as collateral for Otto's loan to the defendant, that the terms of the sale had been agreed upon by plaintiff and Otto, and that the proceeds paid by plaintiff were credited by defendant on Otto's loan, plaintiff objected on various grounds to the admissibility of much of such evidence. However, the sole ground upon which plaintiff bases both of his points on appeal is that defendant's evidence regarding the capacity in which it acted in the transaction, that as Otto's

Claude W. McElwee, Jr., Philip S. Alexander, St. Louis, for plaintiff-appellant.

Bryan, Cave, McPheeters & McRoberts, Robert F. Scoular, Edward T. Foote, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

Plaintiff sought a judgment against defendant in the amount of $6850 based upon his claim that pursuant to § 400.3-417(2)(b), RSMo 1969, V.A.M.S., defendant had warranted the genuineness of the signatures on the note and deed of trust, which subsequently were shown to have been forged. Plaintiff appeals from an adverse judgment rendered in this court-tried case. We affirm.

The determinative issue here presented involves a question of pleading rather than one concerning the cited section of our Uniform Commercial Code. Plaintiff testified that on August 9, 1966, he gave to the defendant his check for $7050, made payable to the defendant, and that in ex-

agent, was not admissible under the defendant's answer, a general denial, because it was an affirmative defense which defendant was required to plead.

Civil Rule 55.10, V.A.M.R., requires that a party pleading to a preceding pleading shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, truth in defamation, waiver, "and any other matter constituting an avoidance or affirmative defense." Obviously agency is not among the specifically enumerated affirmative defenses required to be pleaded. It will be observed that those specifically enumerated which are required to be affirmatively pleaded partake of the nature of a plea of confession and avoidance. Thus in Jones v. Rush, 156 Mo. 364, 57 S.W. 118, 120, the Supreme Court said:

"* * * A defendant is required to plead affirmatively only matters in the nature of confession and avoidance; that is, matters which, though the statements in the petition may be true, would nevertheless defeat the action,—as, for example, release, payment, accord and satisfaction, etc. * * *"

There is a distinction to be noted between an affirmative defense and the right to introduce evidence, though affirmative in character, which negates the cause of action asserted by the plaintiff. For example, in Stein v. Battenfeld Oil & Grease Co., 327 Mo. 804, 39 S.W.2d 345, 350, the plaintiff alleged in effect that due to an unguarded machine her husband had been killed while employed in his ordinary duties at the defendant's plant. Defendant filed a general denial, and under that plea, over the plaintiff's objection, was permitted to introduce evidence that the deceased was working in the defendant's plant as an independent contractor at the time of his death. On appeal the court said:

"* * * The petition alleged the deceased was 'employed' by the respondent at its plant, and that he 'was performing his duties as an employee' when injured. The answer contained a general denial. Under that plea the respondent was entitled to show the deceased was an independent contractor, Baker v. Scott County Milling Co., 323 Mo. 1089, 20 S.W.2d 494, 501. If he was that, he was not an employee, and, if he was not an employee, his death gave no cause of action under the guarding statute, as we have held. Any evidence tending to show an asserted cause of action never had legal existence is admissible under a general denial. Nall v. Brennan, 324 Mo. 565, 23 S.W.2d 1053, 1056, 68 A.L.R. 684; and this is true though the facts presented be affirmative in character, if and in so far as they are adduced only to negative the plaintiff's cause of action and not by way of confession and avoidance, Jones v. Rush, 156 Mo. 364, 371, 57 S.W. 118, 120; Connole v. Ill. Cent. Rd. Co. (St. Louis Ct.App.) 21 S.W.2d 907, 909, 912; Prewitt v. Witte (Kansas City Ct.App.) 224 Mo.App. 836, 26 S.W.2d 1020, 1023."

Similarly, in Monarch Loan Co. v. Anderson Transmission Service, Mo.App., 361 S. W.2d 328, where plaintiff sought to replevin an automobile by virtue of a chattel mortgage on the car, this court held that the defendant under a general denial had properly been permitted to show that the defendant held the car by virtue of a lien thereon; this for the reason that in replevin it was necessary for plaintiff to plead and prove his right to immediate possession and that defendant was wrongfully detaining it, and the defendant was entitled to introduce evidence to the contrary.

In the instant case plaintiff alleged in his petition, "* * * that on August 9, 1966 he *purchased* the said note and the said Deed of Trust securing it, from the defendant, * * *"; and that "defendant warranted to plaintiff as *purchaser* of said note and Deed of Trust that all signatures were genuine * * *." (Emphasis

supplied.) Under the foregoing authorities it was entirely proper for defendant to refute plaintiff's allegation by showing that plaintiff had in fact purchased the note from Otto, and that defendant had merely acted as Otto's agent in delivering the instruments to plaintiff in exchange for plaintiff's check. And inasmuch as the admissible evidence showed that plaintiff had purchased from Otto, and that plaintiff was fully aware that defendant was acting merely as agent for Otto, the trial court correctly held that defendant had not warranted the genuineness of the signatures on the note and deed of trust by failing to disclose the capacity in which it acted. Section 400.3–417(4).

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

BRADY, C. J., and CLEMENS and WEIER, JJ., concur.