Argued October 7, affirmed November 5, 1974

LOKAN, *Appellant, v.* ROBERTS, *Respondent.*

527 P2d 720

*Randolph Slocum,* Roseburg, argued the cause and filed a brief for appellant.

*Warren A. Woodruff,* Roseburg, argued the cause for respondent. With him on the brief were Luoma, Kelley, Woodruff & Wolke, Roseburg.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

SLOPER, J. (Pro Tempore)

This is an action on an alleged oral contract stated in two counts. The first count seeks to recover unpaid wages and the second count seeks to recover the reasonable value of certain equipment sold to defendant. The case was tried to the court upon a waiver of a jury trial. From a judgment in favor of defendant, dismissing plaintiff's complaint, plaintiff appeals.

Plaintiff is a mechanic, machinist and heavy equipment maintenance man with many years of experience. Plaintiff contends that an oral contract was made between the parties in the fall of 1967 and that by the terms of that contract he was employed to perform maintenance work in the Philippine Islands for defendant. Defendant was involved in numerous corporate structures in both the United States as well as in the Philippine Islands. Plaintiff's duties under the employment contract required him to get heavy equipment to the Philippine Islands, to maintain the equipment and to train native Filipinos in its main-

tenance. Defendant was to pay plaintiff's transportation costs to the Philippine Islands and return to the United States. Defendant was to supply housing and groceries to plaintiff and plaintiff was to be compensated at the rate of $1,700 per month. This compensation was to be paid by having $750 per month paid to plaintiff's wife here in the United States and the balance to be paid to plaintiff upon his return to the mainland. Pursuant to the agreement plaintiff took with him when he traveled to the Philippine Islands an accumulation of machinist's tools and parts, for which he was to be compensated upon his return to the mainland. Plaintiff acknowledges he had received certain sums for his employment but alleges that there is still due and owing the sum of $7,600 in wages and he has received no compensation for the tools and parts which he alleges are worth the sum of $4,000.

Defendant in response to plaintiff's complaint has filed a general denial.

Plaintiff's first assignment of error contends that the trial court erred in its finding that defendant acted not personally but as an agent for one or more corporate entities and suggests that evidence of agency may not be presented under a general denial. No Oregon cases have been cited to us on the question of whether an agency may be proved under a general denial. Other jurisdictions have, however, decided the question. See *Scone v. Amos,* 38 Minn 79, 35 NW 575 (1887); *Munn v. Mid-Continent Motor Securities Co.,* 126 Okla 241, 259 P 249 (1927); *Blumenkamp v. Tower Grove Bank & Trust Company,* 483 SW2d 611 (Mo App 1972). *Scone v. Amos,* supra (38 Minn 79), is analogous to this case in that it concerns an alleged employment contract in which the defendant entered

a general denial and over objection was permitted to give evidence that the plaintiff was employed by the defendant as an agent for another. The court said:

> "* * * This was admissible under the answer, for if the fact was as defendant so endeavored to prove, then defendant did not make the contract alleged in the complaint as a party nor become bound. The contract was not his, but that of the railroad company, and he did not agree that he would pay for the work. The evidence was a denial, in effect, of the allegations in the complaint that defendant hired and employed plaintiff, and agreed to pay him. * * *." 38 Minn at 80.

■ We conclude that under a general denial a defendant may offer evidence that he was acting as the agent of a corporation not only to disprove any individual liability on his part, but also to show that the contract alleged by plaintiff is not the contract of the parties, or to show that, in fact, no contract at all was made. Plaintiff's first assignment of error is without merit.

■ Plaintiff's second and third assignments of error will be considered together. The thrust of the alleged errors is that the court was wrong in finding in favor of defendant on the issue of whether he was contracting with plaintiff on his own account or as agent of one or more corporations and that there was no satisfactory evidence to support the court's finding that defendant was acting as agent of a disclosed principal. The resolution of these assignments of error requires an examination of the evidence. It appears to us from such examination that plaintiff's oral evidence and defendant's documentary evidence are in serious conflict. Plaintiff's testimony was to the effect that he was being employed by defendant, personally, although

his contract with defendant was very minimal and most of the negotiations for the employment were carried on between plaintiff's brother-in-law and defendant. Plaintiff testified that he knew nothing of two of defendant's Philippine corporations, P. D. Bautista Enterprises, Inc., and Baler Forest Products, Inc. However, the evidence discloses that plaintiff had in his possession for more than three months before he left for the Philippine Islands an unsigned employment agreement with Bautista (Defendant's Ex. 1) and plaintiff signed an employment agreement with Baler on February 15, 1968 (Defendant's Ex. 2). Defendant's Exhibits 3 through 9 are cash advances or travel allowance from Baler. Plaintiff's wife received eight monthly payments pursuant to the employment contract from Northwest Machinery Sales, one of defendant's domestic corporations. According to defendant's bookkeeper, defendant's personal financial records revealed no disbursements to plaintiff or his wife. From our review of the evidence, which is conflicting, we find that there was sufficient probative evidence for the trial judge to find that the employment contract alleged by plaintiff was entered into with defendant acting as an agent for a disclosed principal and not with defendant personally. Our review is limited to whether the trial judge's decision was supported by any competent substantial evidence and in such review we do not pass upon the credibility of the witnesses, or weigh the evidence, and we are required to view the evidence in the light most favorable to defendant. *Sexton v. Kelly,* 185 Or 1, 12, 200 P2d 950 (1948); *Cronn v. Fisher,* 245 Or 407, 416, 422 P2d 276 (1966); *Anaheim Co. v. Holcombe,* 246 Or 541, 548, 426 P2d 743 (1967); *Boyce v. Standard Investment Co.,* 263 Or 82, 84, 501 P2d 65 (1972); and *Carlson v. The*

*May Department Stores*, 270 Or 289, 527 P2d 252 (decided October 24, 1974).

■ Plaintiff's final assignment of error asserts that the trial court failed to make general findings of fact on the issues in the case and in particular on plaintiff's second cause of action. There was no request by plaintiff prior to the commencement of the trial for the court to make special findings of fact. ORS 17.431 authorizes the trial court in the absence of request for special findings to make either general or special findings. We construe the trial court's memorandum opinion filed in the case to constitute general findings of fact and conclusions of law which were incorporated in the court's judgment. And we further find that the court did not ignore the issue raised by plaintiff's second cause of action but did in fact in the last paragraph on page 2 of the memorandum decision decide such issue adversely to plaintiff and on the same legal premise as the first cause of action had been determined.

The judgment of the trial court is affirmed.