Argued April 17, affirmed June 11, 1979

LTR RENTAL CO., *Respondent,*
*v.*
SIMMONS, et al, *Appellants.*
(No. A7701-01280, CA 11763)

595 P2d 1283

David P. Weiner, Portland, argued the cause for appellants. With him on the brief was Samuels, Samuels, Yoelin & Weiner, Portland.

Robert L. Kirkman, Portland, argued the cause for respondent. With him on the brief was Warren & Kirkman, Portland.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Plaintiff, engaged in the business of coin-operated washers and dryers, brought this breach of contract action against defendants, owners of an apartment complex.[1] The contract granted plaintiff an exclusive license to maintain four washers and four dryers at a particular apartment building until August 1, 1981, and a lease of "the entire washroom, utility room areas, together with reasonable access thereto" for that period. The case was tried to the court, which found generally for plaintiff and awarded liquidated damages[2] and attorney's fees as provided for in the contract. Defendants appeal.

■ Defendants first argue that the evidence did not support a finding of a breach.

> "Our review is limited to whether the trial judge's decision was supported by any competent substantial evidence and in such review we do not pass upon the credibility of the witnesses, or weigh the evidence, and we are required to view the evidence in the light most favorable to [the prevailing party below.]" *Lokan v. Roberts*, 270 Or 349, 353, 527 P2d 720 (1974).

There was evidence that defendants set up a new and separate laundry room in the building, outfitted it with their own machines and disconnected plaintiff's machines from the hot water heater for a four-week period. During that time a sign was posted on the door of the original laundry room directing tenants to the new facility. Defendants also sent a letter to plaintiff saying that the machines should be removed. That evidence supported the court's finding of a breach.

■■ Defendants next contend that the liquidated damage clause of the contract was invalid. Under *Dean*

---

[1] A corporation affiliated with plaintiff had built the complex and operated it for a period prior to the sale to defendants, to whom the contract was assigned as part of the purchase transaction.

[2] Neither party contended in the trial court or this court that the subject contract provision was not a liquidated damages clause.

*Vincent, Inc. v. McDonough*, 281 Or 239, 574 P2d 1096 (1978) (decided prior to the trial of this case), defendants had the burden to plead[3] and prove that the liquidated damage provision was not valid if they wished to contend it failed to meet the following requirements:

> "(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and
>
> "(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation." Restatement, 1 Contracts § 339 (1) (1932).

Both requirements are determined as of the time the agreement was made. *Medak v. Hekimian*, 241 Or 38, 404 P2d 203 (1965).

■   The liquidated damage clause provided:

> "A breach of this agreement on the part of [defendants] shall allow [plaintiff] liquidated damages as follows:
>
> "[Plaintiff's] profits for the twelve (12) months preceding any breach hereof, shall be computed and the average thereof, shall be multiplied by the months yet remaining under the terms of this agreement, which said sum shall be forthwith paid to [plaintiff]."

There was evidence to support findings that at the time the agreement was reached, it appeared the harm that might be caused by its breach would be "incapable or very difficult of accurate estimation" and that there was an "honest and good faith effort" to arrive at a "genuine pre-estimate of injury." *Wright v. Schutt Construction*, 262 Or 619, 624, 500 P2d 1045, 69 ALR 3d 1260 (1972), quoting from 5 Corbin, Contracts, 345-46, § 1059 (1964).

---

[3] Defendants' Amended Answer alleged in one of the affirmative defenses: "The lease Agreement is an unenforceable contract as it pertains to liquidated damages." No issue was raised at trial or here as to whether that was a sufficient way to plead the defense, and we do not reach the issue. *See Dean Vincent, Inc. v. McDonough, supra*, 281 Or at 241, 247 and 249.

With respect to the requirement that the amount fixed be a "reasonable forecast" of actual damages, *i.e.*, that it bear a "reasonable relationship" and not be "grossly disproportionate" to actual damages, *Wright v. Schutt Construction, supra*, 262 Or at 624-25, defendants attempted to prove that plaintiff's actual damages would have been much less than the amount fixed had plaintiffs taken reasonably available steps to mitigate their losses. Defendants offered no evidence relating directly to the foreseeability of mitigation at the time the agreement was reached. Rather, their argument is that "[h]indsight *** demonstrates the error in foresight." 5 Corbin, Contracts 347, § 1059 (1964). In support of that position, defendants introduced testimony of the owner of a large laundry equipment rental business that at the time of the breach he could have placed plaintiff's four washers and four dryers in some other apartment within a week.[4]

■■ On cross-examination, however, he admitted that he did not know how much longer it would take a smaller firm like plaintiff, which supplied only to apartments constructed by another company with which it was affiliated, to place the machines in another building. Plaintiff's president testified that he had no other project in which to put the equipment. The owner of the larger company also testified that at the time of the breach he would have purchased the machines. Even if we were to assume that there was a ready market for their sale, however, that would not have constituted proof of an opportunity of plaintiff to recoup the *profits* it would have made had the contract not been breached. We cannot say the trial court erred in finding the liquidated damage clause valid.

■ Defendants argue finally that the court erred in denying their motion for judgment as a matter of law

[4] Standing alone, the fact that the machines might have been placed elsewhere does not establish that plaintiff could have made up for the profits lost because of defendants' breach. Other testimony did suggest, however, that the supply of machines was limited.

on the ground plaintiff failed to mitigate damages. Although indirectly relevant for determining the validity of a liquidated damage provision, plaintiff's actual damages and its ability to mitigate them are not relevant once that validity is established. *Heinkel v. City of Corvallis*, 13 Or App 375, 510 P2d 579 (1973).

Affirmed.