Argued July 11, affirmed August 2, 1973

KAROBLIS, *Appellant, v.* LIEBERT ET AL,
*Respondents.*

512 P2d 994

*Fred A. Granata,* Portland, argued the cause for appellant. With him on the brief was Phil H. Ringle, Jr., of Ringle & Herndon, Gladstone.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondents. With him on the brief were Souther,

Spaulding, Kinsey, Williamson & Schwabe, and James F. Spiekerman.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON,* Justices.

McALLISTER, J.

This case is before us for the second time. It was tried to the court, without a jury, and at the close of plaintiff's case in chief the trial court allowed defendants' motion for judgment of involuntary nonsuit. The plaintiff appealed from that judgment and we reversed, holding that plaintiff's evidence had been sufficient to permit a finding that defendants were liable. *Karoblis v. Liebert,* 263 Or 64, 69, 501 P2d 315, 318 (1972). We said:

> "Since plaintiff proved a prima facie case we must reverse the judgment of nonsuit and remand the case for further proceedings not inconsistent with this opinion. The trial court must require defendants to put on their evidence or rest their case and then, as the trier of fact, decide the issues. It is so ordered."

On remand, defendants rested without presenting any evidence, and the trial court, in its capacity as trier of fact, found for defendants. Plaintiff again appeals, contending now that because we held, on the first appeal, that plaintiff had "proved a prima facie case," the trial court was required to find in plaintiff's favor when the defendants declined to present any evidence. Plaintiff relies on the following language from *Millar v. Semler,* 137 Or 610, 613, 2 P2d 233, 3 P2d 987 (1931):

> "Prima facie evidence of a fact, says Mr. Justice

* Bryson, J., did not participate in the decision of this case.

Story, is such evidence as in judgment of law is sufficient to establish the fact, and, if not rebutted, remains sufficient for the purpose * * *."

We did not hold, however, that a prima facie case, if unrebutted, required the trier of fact to find in plaintiff's favor.

■ It is quite clear from our prior opinion in this case that we used the phrase "prima facie case" to mean simply a case sufficient to be submitted to the trier of fact. See *Rehm v. United States,* 183 FS 157, 159 (ED NY 1960); *City of Cleveland v. Keah,* 157 Ohio St 331, 105 NE2d 402, 405 (1952); *McCoy v. Courtney,* 25 Wash 2d 956, 172 P2d 596, 600 (1946). As the trier of fact, the trial court, after defendants rested their case, was entitled to find for defendants.

■ As this is an action at law, the trial court's findings on questions of fact are binding on us. ORS 17.435; *Boyce v. Standard Investment Co.,* 263 Or 82, 84, 501 P2d 65, 67 (1972).

The judgment is affirmed.