Argued and submitted January 23, reversed and remanded
with instructions April 13, 1981

# In the Matter of the Marriage of

## CASTRO,

*Respondent,*
*and*

## CASTRO,

*Appellant.*

(No. E 18,900, CA 18552)

626 P2d 950

David D. Gallaher, Pendleton, argued the cause and filed the brief for appellant.

Dennis A. Boardman, Pendleton, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Father filed a motion to modify a decree of dissolution which awarded custody of the minor child of the parties to mother. Father seeks custody of the child, a girl seven years old at the time of the hearing. He appeals from the trial court's order denying the motion to modify and assigns error to the ruling of the court granting mother's motion for involuntary dismissal under Oregon Rules of Civil Procedure (ORCP) 54B(2), made at the close of father's case.

Because we find that the trial court applied the wrong test under the new rule and failed to make findings or follow the procedure required by Rule 62 in dismissing the proceeding with prejudice, we need not consider the merits. We reverse and remand.[1]

ORCP 54B(2) is based on the analogous federal rule. Minutes, Joint Rules of Civil Procedure Committee, March 15, 1979, p 2; testimony of Fred Merrill from the Council on Civil Procedures, before the Joint Rules of Civil Procedure Committee, March 15, 1979, HB 3131, Tape 22, side 2 (040-067). ORCP 54B(2), which is virtually identical to that of Federal Rules of Civil Procedure (FRCP) 41(b),[2] reads as follows:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or

---

[1] Due to our disposition of this case, it is unnecessary to set out the evidence in detail.

[2] FRCP 41(b) provides in relevant part:

" * * * After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). * * * "

may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

The legislative history indicates that ORCP 54 and ORCP 60 together eliminated the motion for nonsuit under former ORS 18.210 to 18.260 (repealed Or Laws 1979, ch 284, § 199). ORCP 54B(2) is the rule allowing a motion to dismiss to test the sufficiency of evidence at the close of plaintiff's case in nonjury cases; ORCP 60 allows a motion for directed verdict to test the sufficiency of the evidence at the close of plaintiff's case in jury cases. Testimony of Fred Merrill; *see also* analysis of ORCP 54 and ORCP 60 in Oregon Law Institute, 1980 Oregon Rules of Civil Procedure 273 (1979).

The federal rule in its present form, upon which ORCP 54B(2) is based, has been uniformly interpreted by federal courts to allow the trial court in nonjury cases to weigh the evidence, to determine the facts without making inferences in favor of plaintiff, and to grant or deny the motion accordingly. The purpose of the rule is to expedite the trial of cases by giving the trial court the power to dispose of cases at the earliest opportunity. *Bach v. Friden Calculating Mach. Co.,* 148 F2d 407, 410-11 (6th Cir 1945). The function of the trial court under FRCP 41(b) is to decide both questions of fact and of law, in contrast to the function of the trial court judge in a jury case on a motion for directed verdict under FRCP 50(a). In the latter instance, before submitting the case to the jury, the trial judge must consider the evidence in the light most favorable to plaintiff to determine whether plaintiff has established a prima facie case, the question being one of law whether the evidence is sufficient to sustain a verdict for plaintiff. *See generally,* 5 Moore's Federal Practice, § 41.13(4), 4-189-94 (1980).

■ The language of FRCP 41(b), n 1, and hence that of ORCP 54B(2), clearly indicates that the task of the trial judge in ruling on defendant's motion to dismiss is *not* to apply the prima facie test employed in ruling on a motion

for directed verdict.[3] Under ORCP 54B(2) the defendant moves for dismissal "on the ground that *upon the facts and the law* the plaintiff has shown no right to relief." (Emphasis supplied.) Furthermore, "[t]he *court as trier of the facts may then determine them* and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence." (Emphasis supplied.)

In *Karoblis v. Liebert,* 263 Or 64, 73-74, 501 P2d 315 (1972),[4] the Oregon Supreme Court commented on the federal rule:

"Prior to 1946 Rule 41 (b) did not contain the reference to the determination of the facts by the trial court 'as trier of the facts' and there was a division among the circuits as

---

[3] In *Falk v. Amsberry,* 290 Or 839, 626 P2d 362 (1981), the Supreme Court held that a party in a civil action tried to the court must make a motion under ORCP 54B(2), or a timely equivalent assertion, testing the sufficiency of the evidence in the trial court in order to preserve that issue for appellate review. The court described ORCP 54B(2) as a procedure by which

"a party asserts to the trial court, at a time when the trial court can take appropriate action, that the moving party is entitled to prevail as a matter of law because there is *no* evidence from which the court can find a fact which is essential to the case of the opposing party." (290 Or at 845.) (Emphasis supplied.)

Because the focus of the *Falk* decision was on the usage of ORCP 54B(2) as a means of preserving an issue for appellate review and not, as in the case before us, on the rule's proper application at the trial level, we do not interpret the court's description to be a limitation on the scope of this rule.

[4] In *Karoblis,* plaintiff appealed from a judgment of nonsuit granted in a nonjury case at the close of plaintiff's case. On the issue as argued, the court held that because plaintiff proved a prima facie case, when his evidence was taken as being true with all inferences in plaintiff's favor, the judgment of nonsuit was error. On remand, defendants simply rested, and the court found in their favor. In a second appeal, *Karoblis v. Liebert,* 266 Or 267, 269, 512 P2d 994 (1973), the Supreme Court held that the trial court as trier of fact was entitled to find for defendants despite the earlier holding that plaintiffs had proved a case sufficient to be submitted to the trier of fact.

In the first *Karoblis* opinion, the Supreme Court also announced its holding, intended to have prospective effect, that a motion for nonsuit was not available to a defendant at the close of plaintiff's evidence, unless the defendant rested its case and submitted the matter on the merits to the trial court, under ORS 18.220 and 18.230 (1971). This procedure was changed by the legislature in 1975 to allow judgment of nonsuit to be given on a defendant's motion "upon a trial without a jury when the evidence is not sufficient to establish a prima facie case for plaintiff." Or Laws 1975 ch 134, § 1. That language, including the reference to the prima facie test, was repealed by passage of the Oregon Rules of Civil Procedure, Or Laws 1979, ch 284, § 199.

to whether the trial court in these cases could determine the merits upon the defendant's motion for nonsuit. Since the amendment which added this language, the trial court's power to weigh the evidence after the presentation of plaintiff's case is generally recognized in the federal courts and in states having a similar rule. [Cites omitted.]

"At least two states having a rule of procedure like Federal Rule 41 (b) have refused to give the rule its full scope, but have limited the power of the trial judge to decide the merits in defendant's favor. Alaska has held that even though the judge, as trier of fact, would find for defendant on the merits at the close of plaintiff's evidence, it is error to do so if the plaintiff has made out a prima facie case, at least if his evidence is unimpeached. *Trusty v. Jones,* 369 P2d 420 (Alaska 1962); *Rogge v. Weaver,* 368 P2d 810 (Alaska 1962). Wyoming has adopted the Alaska position, pointing out that it has especial merit in jurisdictions where findings are not obligatory. *Arbenz v. Bebout,* 444 P2d 317, 319 (Wyo 1968). [Footnote omitted.]

"In summary, the reasons advanced for the position epitomized by the federal rules are that it is highly artificial to require the judge, as trier of facts, to first weigh the legal sufficiency of the evidence as though he were presiding over a jury trial and then to act as trier of those same facts, and that the case should be disposed of as early as possible when it may be done without cutting off the plaintiff's rights. The strongest arguments against this position are that it is unfair to the plaintiff who has presented a prima facie case to give the defendant two chances for a favorable determination on the facts, and that it puts too much power in the hands of a single trial judge, who has only heard one side of the case."

The Florida Supreme Court, interpreting its own statute based on FRCP 41(b), has refused to allow the trial judge to weigh the evidence when plaintiff has made out a prima facie case. *Tillman v. Baskin,* 260 So2d 509, 511-12 (Fla 1972). We are reluctant to adopt this formulation of the rule because it appears to substitute a prima facie test intended for jury trials for the test contemplated by ORCP 54B(2) on its face. We agree with the observation in *Karoblis v. Liebert, supra,* that it is highly artificial in nonjury cases to invoke a standard intended for trials in which the jury is the finder of fact. We are no happier with the additional requirement under the Alaska-Wyoming interpretation referred to in *Karoblis* that the motion be

denied where the evidence is unimpeached. In weighing the evidence and in determining the facts under Rule 54B(2), the trial judge should be free to discount impeachment evidence, just as the judge may disbelieve plaintiff's evidence.

There is nonetheless considerable merit to the policy rationales underlying the minority positions of Alaska, Wyoming and Florida. Justice is more likely to be achieved and appeals reduced when the trial judge is not permitted to dismiss in close cases before having heard both sides of the issues and has obtained a complete picture of the controversy. *King v. Alaska State Housing Authority,* 512 P2d 887, 890 (Alaska 1973); *Trusty v. Jones, supra,* at 422. The Fifth Circuit Court of Appeals has expressed its dissatisfaction with the administrative inconvenience (i.e., partial trials followed by appeals and retrials) that can result from "a promiscuous use" of FRCP 41(b) dismissals and has noted:

> "Except in unusually clear cases the district judge can and should carry the defendant's Rule 41(b) motion with the case — or simply deny it, since the effect will be the same — let the defendant put on his evidence and then enter a final judgment at the close of the evidence." *Riegel Fiber Corp. v. Anderson Gin Co.,* 512 F2d 784, 793, n 19 (5th Cir 1975); *see also White v. Rimrock Tidelands, Inc.,* 414 F2d 1336, 1340 (5th Cir 1969).

■■ ORCP 54B(2) does not contain a mandatory requirement that the trial judge determine the facts. *Accord, Tillman v. Baskin, supra,* 260 So2d at 511. Where the plaintiff has introduced credible evidence on the essential elements of the cause or causes of action,[5] the trial court should deny the motion and decline to render any judgment until the close of all the evidence. In order to protect plaintiffs in nonjury cases from premature dismissals and to alleviate the appellate burden of multiple appeals, we adopt the view of the 5th Circuit that motions under ORCP 54B(2) should be sparingly granted. Furthermore, dismissals may be particularly inappropriate in cases involving a custody dispute. In such cases, the child is essentially a third party to the adversary contest between the custodial

---

[5] ORCP 2 provides that there is but one form of action known as a civil action.

and the noncustodial parents. Because the lodestar for the courts must always be the best interests of the child, the fairest course for the trial judge would seem to be to hear both sides of the controversy.

■     In this case, the trial judge purported to weigh the evidence and to draw all inferences therefrom in father's favor and thus to apply the prima facie test in ruling on the motion to dismiss under ORCP 54B(2). The trial judge made no findings as required by Rule 54B(2) and did not address the question of the credibility of the evidence. Because the trial court made no findings, we cannot determine whether the trial court, if it had gone through the process required by Rule 62 and had properly applied Rule 54B(2), might have found the evidence so unworthy of belief or inadequate as to justify dismissal. Dismissal with prejudice under Rule 54B(2), without making findings pursuant to Rule 62, cannot be sustained.

Reversed and remanded for further proceedings in accordance with this opinion. No costs to either party.