Argued and submitted March 26, affirmed July 11, reconsideration denied August 31, petition for review denied September 25, 1984 (298 Or 37)

## COPELAND LUMBER YARDS, INC.,
*Respondent,*

*v.*

## KINCAID,
*Appellant.*

## (31669; CA A28616)

684 P2d 13

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

James N. Westwood, Portland, argued the cause for respondent. On the brief were William B. Crow, William H. Walters, Gregory A. Chaimov, and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

This is a legal malpractice case. In a trial without a jury, the court found defendant negligent in failing to bring a foreclosure action on two mechanic's liens within the six-month time period prescribed in ORS 87.055. Plaintiff, the lienor, was awarded the amount of those liens, $15,897.15, as damages. We affirm.

Plaintiff sent the lien documents to defendant in January and February, 1980, and instructed him to protect its interests. The lien for the larger amount would expire on May 30, 1980, and the lien for the smaller amount on August 6, 1980. Defendant wrote a demand letter to the debtor. On learning that the debtor was contemplating bankruptcy, he engaged in settlement negotiations with the debtor's attorney and an attorney for another lien creditor.

On April 21, 1980, another of the debtor's creditors brought a declaratory judgment action, joining numerous other creditors, including plaintiff, as defendants. On May 5, 1980, Copeland forwarded the complaint served on it in that action to defendant. He continued to engage in settlement negotiations. On September 25, 1980, defendant filed an answer in the declaratory judgment action and a cross-complaint seeking foreclosure of Copeland's lien. A motion to dismiss the cross-complaint was granted on the ground that the lien had been lost by failure to file a foreclosure action within the statutory time limit.

The parties agree that, because of that ruling, Copeland suffered damages in the amount of its two liens. Failure to bring a foreclosure suit within the six-month period is plaintiff's sole allegation of negligence. Defendant argues that he was not negligent for failing to bring timely foreclosure actions to protect his client's liens, because his failure was an exercise of professional judgment. He contends that, on the basis of *Title Guarantee Co. v. Wrenn,* 35 Or 62, 56 Pac 271 (1899), he believed that the filing of the declaratory judgment action, in which Copeland was a defendant, tolled the period of limitations for foreclosing a lien provided by ORS 87.005. He asserts that "[t]he rule than an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized and has developed concurrently with the concept of liability for legal malpractice. Mallen & Levit,

*Legal Malpractice,* Sect. 200 p 277-79." He argues that he made a judgment call and that he should not be held liable just because a judge disagreed with his assessment of an unsettled area of law and his client was damaged.

We agree generally with the proposition that a lawyer should not be held liable for a mistake in the exercise of professional judgment. When an area of law is unsettled, a choice between possible courses of action necessarily involves judgment. However, professional judgment, by definition, must be *informed,* and that requires a lawyer to make a reasonable effort to develop an understanding of the problem.

We need not determine whether defendant's interpretation of the *Wrenn* case is correct with respect to the tolling of the period in which to file a foreclosure action.[1] The law is not settled in that area. As defendant admitted at trial, the law is far more uncertain than he even suspected when he made his decision not to file. In fact, he essentially conceded at trial that his reliance on *Wrenn* might have been mistaken, a view taken presumably in the light of his after-the-fact research. He based his decision not to file on a vague recollection of an 1899 case that he believed stood for the proposition that the foreclosure action limitation in ORS 87.055 is tolled when another creditor files an action. Suffice it to say, defendant's decision not to undertake a timely foreclosure of his client's liens was not such an informed decision as to have been an exercise of professional judgment constituting a defense to a malpractice claim as a matter of law. Had he undertaken the appropriate research, he would have become aware of the uncertainty, in which event his only exercise of an informed judgment would have been to seek a timely foreclosure.

Defendant's sole assignment of error is the denial of his motion for judgment of dismissal at the close of plaintiff's case in chief. Denial of an ORCP 54B motion is proper if a plaintiff has introduced credible evidence on the essential elements of his claim or claims. *Castro and Castro,* 51 Or App 707, 713, 626 P2d 950 (1981). An action for legal malpractice is

---

[1] *See Burns v. White Swan Mining Co.,* 35 Or 305, 57 Pac 637 (1899); *Fleshman v. Whiteside,* 148 Or 73, 34 P2d 648 (1934). No appeal was taken from the dismissal of the cross-claim.

not fundamentally different from other actions for negligence, of which the elements are a duty of care, breach of that duty, causation and damages. *Harding v. Bell,* 265 Or 202, 204, 508 P2d 216 (1973). In the present case, the elements of duty, causation and damages are not in issue. Defendant asserts only that, as a matter of law, he did not breach his duty of care owed to Copeland.

■      In its complaint, plaintiff alleged that defendant's breach of duty was his failure to bring a timely foreclosure action. At trial, plaintiff's expert testified that an attorney does not adequately protect a client's interests if he does not timely file an action to foreclose a lien that has been referred to him, but rather engages in settlement negotiations until after the expiration of the six-month duration of the lien set by ORS 87.055. Accordingly, for purposes of the motion to dismiss, the testimony constitutes evidence on the essential element of breach of duty. The denial of defendant's motion for judgment of dismissal, therefore, was not error. *Castro and Castro, supra.*

Affirmed.