Argued and submitted January 13, affirmed February 19, 2003

## MARK WENDT HOMES, INC.,
an Oregon corporation,
*Respondent,*

*v.*

## Eddie L. WILCHER,
*Appellant,*

*and*

## C & K MARKET, INC.,
401(K) PROFIT SHARING PLAN AND TRUST,
*Defendant.*

98-00119-CV; A112681

63 P3d 1271

Douglas J. Richmond argued the cause for appellant. With him on the briefs were Erik J. Glatte and Kellington, Krack, Richmond, Blackhurst & Sutton, LLP.

Andrew C. Brandsness argued the cause for respondent. With him on the brief was Brandsness, Brandsness & Rudd, P.C.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff, a contractor, filed this action to foreclose on a construction lien based on defendant's failure to pay for plaintiff's construction of a fireplace.[1] Plaintiff contended that the oral contract was a "cost-plus" contract and that it was entitled to its material costs plus a margin of 5 percent, for a total of $13,610. Defendant argued that the cost-plus contract was not to exceed $8,000 and that, in any event, plaintiff breached the contract by failing to perform it adequately. At the conclusion of plaintiff's case, defendant moved for a judgment of dismissal pursuant to ORCP 54 B(2). The trial court denied the motion. At the conclusion of the trial, the court found that plaintiff had performed negligently in some respects but otherwise was entitled to relief in the amount of $11,600, plus interest.

On appeal, defendant assigns error to the denial of his motion for a judgment of dismissal. According to defendant, on *de novo* review, we must conclude that the parties agreed that the price could not exceed $8,000. Plaintiff responds that we do not review the denial of a motion for a judgment of dismissal *de novo* but for any credible evidence and that the record contains credible evidence that the parties agreed to a cost-plus contract without an $8,000 cap.

Motions for judgment of dismissal are to be "sparingly granted." *Castro and Castro*, 51 Or App 707, 713, 626 P2d 950 (1981). Only when a plaintiff has failed to make out a *prima facie* case is it appropriate to grant such a motion. *Ranger Ins. Co. v. Globe Seed & Feed Co., Inc.*, 125 Or App 321, 327, 865 P2d 451 (1993), *rev den*, 318 Or 458 (1994). We do not review the facts *de novo*. We review the whole record to determine whether the plaintiff introduced "credible evidence" on the essential elements of the claim. *Dunkin v. Dunkin*, 162 Or App 500, 507, 986 P2d 706, *rev den*, 329 Or 553 (1999) (quoting *Castro*, 51 Or App at 713).

In this case, the only disputed element is the contract amount. At trial, plaintiff's division manager, who negotiated the contract, testified that

---

[1] The complaint also named as a defendant C & K Market, Inc., 401(k) Profit Sharing Plan and Trust, but plaintiff later voluntarily dismissed its claim against that defendant.

"it was going to be a cost plus, since I had this small window of time. And we'd agreed, I mean, I just told him I hoped I could do it for the $8,000, in fact I hope[d] I could do it for less than that.

"* * * * *

"But he was under the, you know, he was saying that he wanted me to do the job, I told him I'd like to build his fireplace in order, and we just kind of agreed at that time that we would do it, and it was a budget price to shoot at was $8,000. But we really didn't know what we were building then, I mean there'd be no way at that particular time to estimate it. Because you didn't know the size, you didn't really know what you were going to build. You just knew there was going to be a fireplace."

When pressed on the $8,000 figure, the witness testified that, "I don't think it [was] a hard cold agreement, it was a more or less a budget number that we were hoping to meet. I mean that, the $8,000 actually came from [defendant], not from my budgeting."

That testimony is credible evidence that the parties agreed to a "cost-plus" arrangement because of the time pressure, not an $8,000 fireplace. That testimony indicates that the $8,000 figure was one that the parties merely "hoped" would work. Such a "hope" is insufficient to establish that the parties agreed to anything other than a cost-plus arrangement. *See Wooton v. Viking Distributing Co., Inc.*, 136 Or App 56, 60, 899 P2d 1219 (1995), *rev den*, 322 Or 613 (1996) ("mutual hope" for long-term employment did not create contract for long-term employment).

Defendant does not argue that the foregoing testimony is not credible. He simply argues that, on *de novo* review, it should not be read to mean that the parties agreed to anything other than the construction of a fireplace for no more than $8,000. That reading of the testimony is inconsistent with our standard of review. We therefore conclude that the trial court did not err in denying defendant's motion for a judgment of dismissal.

Defendant advances other assignments of error, which we reject without discussion.

Affirmed.