Argued and submitted May 14, reversed and remanded September 23, 2009

## Jim Dale SCHIELE,
*Plaintiff-Appellant,*

*v.*

## Mark MONTES,
Cheryl Montes
and the City of Springfield,
*Defendants-Respondents.*

Lane County Circuit Court
160514228; A134051

218 P3d 141

David C. Force argued the cause and filed the briefs for appellant.

Gregory E. Skillman argued the cause for respondents Mark Montes and Cheryl Montes. On the brief were Danna C. Fogarty and Skillman & Fogarty, P.C.

Robert E. Franz, Jr., argued the cause for respondent City of Springfield. On the brief were Andrea M. Nagles and Law Office of Robert E. Franz, Jr.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Plaintiff appeals a general judgment dismissing with prejudice his claim for intentional infliction of emotional distress and dismissing without prejudice his other claims, in which he sought damages based on emotional distress. We reverse and remand.

The relevant facts are procedural and undisputed. Plaintiff brought claims for malicious prosecution against Mark Montes; for intentional infliction of emotional distress (IIED) against Cheryl Montes[1] and the City of Springfield (the city); and for defamation and false light invasion of privacy against the city. Defendants answered, denying plaintiff's allegations. Shortly before trial was scheduled to begin, the city notified plaintiff's attorney that it intended to take a perpetuation deposition of an expert psychiatric witness. Plaintiff's attorney filed an objection to the perpetuation deposition, and the perpetuation deposition was quashed.

However, while the objection was pending, the city issued a subpoena to Dr. Michael Webb, a psychiatrist from whom plaintiff previously had obtained treatment, requiring Webb to testify as a witness on behalf of defendants. Plaintiff then executed a declaration that stated, in part:

"I signed a release allowing an expert witness retained by [the city] to review the records of my care and treatment by Dr. Webb. I have not at any time released Dr. Webb from the physician-patient privilege as described in [OEC 504-1], nor have I waived that privilege as to any confidential communications between myself and Dr. Webb. *I do not rely on any medical, mental or emotional condition as an element of any claim in this case*, and I will not be calling Dr. Webb (or any other physician) as a witness in support of my claims in this case. I claim the privilege secured to me by [OEC 504-1] as to any testimony by Dr. Webb in this case."

(Emphasis added.)

Relying on plaintiff's declaration, defendants moved to dismiss plaintiff's claims for IIED and to strike all of plaintiff's claims for damages based on emotional distress,

---

[1] Mark Montes and Cheryl Montes are married to each other.

contending that, because of plaintiff's disclaimer of any reliance on "any * * * emotional condition as an element of any claim in this case," plaintiff had no IIED claim and was not entitled to damages based on emotional distress. Plaintiff opposed the motions, explaining that the term "condition" referred to problems that required professional treatment and that emotional distress, such as "anger, humiliation, and fear," required no such treatment. The trial court rejected plaintiff's argument and dismissed plaintiff's IIED claim with prejudice, and took a view equating emotional distress and emotional condition:

> "Well, the uniform instruction on emotional distress, severe. 'Emotional distress includes mental suffering, mental anguish, mental or nervous shock, fright, and all highly unpleasant mental or emotional reactions.'
>
> "* * * * *
>
> "I don't know how you can bring a claim for emotional— severe emotional distress if you don't claim that you have it or got it as a result of any activity of somebody.
>
> "The motions to dismiss the claims in the motion to dismiss are granted."

Plaintiff then moved to dismiss without prejudice his remaining claims, and the trial court entered a general judgment. This appeal followed.

■       Before discussing the merits of the parties' arguments, we must resolve the issue of our standard of review. As noted, in the trial court, defendants moved to dismiss plaintiff's IIED claim and to strike his requests for damages based on emotional distress. In the argument on the motions, the parties and the trial court treated them as motions to determine whether, in light of his disclaimer, there was an issue of whether plaintiff had suffered any emotional distress.

Plaintiff contends that defendants' motions were made pursuant to ORCP 21 and urges us to review for errors of law. In response, the Monteses argue that several of this court's cases, including *Mark Wendt Homes, Inc. v. Wilcher*, 186 Or App 416, 63 P3d 1271 (2003), and *Ranger Ins. Co. v. Globe Seed & Feed Co., Inc.*, 125 Or App 321, 865 P2d 451

(1993), *rev den*, 318 Or 458 (1994), establish that the appropriate standard of review is determined by ORCP 54 B(2) and that we should review to determine whether the evidence establishes a *prima facie* case of IIED. For the reasons that follow, we reject both contentions and conclude that the proper standard of review is a summary judgment standard.

Although defendants styled their motions as motions to dismiss plaintiff's IIED claim and to strike plaintiff's request for emotional distress damages, it is well settled that "a motion is controlled by its substance, not its caption." *Welker v. TSPC*, 332 Or 306, 312, 27 P3d 1038 (2001). Here, defendants relied on plaintiff's declaration, which was submitted outside the pleadings, to argue their motions, and plaintiff made no objection to that reliance. Moreover, the content of the declaration explicitly formed the basis of the trial court's decision to grant the motions.

■ Where parties rely on evidence to support their positions on dismissing a claim, no objection is made to that reliance, and the trial court considers and relies on the arguments and evidence submitted in ruling on the motion to dismiss, such a motion is, in effect, a motion for summary judgment, and we treat it as such on appeal. *L. H. Morris Electric v. Hyundai Semiconductor*, 203 Or App 54, 63, 125 P3d 87 (2005), *rev den*, 341 Or 140 (2006); *see Kelly v. Olinger Travel Homes, Inc.*, 200 Or App 635, 641, 117 P3d 282 (2005), *rev den*, 340 Or 308 (2006) ("When a motion has been styled as a motion for judgment on the pleadings [under ORCP 21 B] but the parties have introduced evidence outside the pleadings and the trial court has relied on that evidence in ruling on the motion, we have treated the motion as one for summary judgment or directed verdict.").[2] Thus, consistently

---

[2] We note also in response to the Monteses' argument that ORCP 54 B(2) allows a defendant to move for an involuntary dismissal "[a]fter the plaintiff in an action tried by the court * * * has completed the presentation of [the] plaintiff's evidence." Plaintiff did not try his action to the court; indeed, defendants' motions occurred *before* trial in this case was scheduled to begin. *Mark Wendt Homes, Inc.* and *Ranger Ins. Co.* are not to the contrary; in each case, it is apparent that the defendant's motion was made *after* trial had begun and *after* the plaintiff's presentation of evidence. *See Mark Wendt Homes, Inc.*, 186 Or App at 418 ("At the conclusion of [the] plaintiff's case, [the] defendant moved for a judgment of dismissal pursuant to ORCP 54 B(2)."); *Ranger Ins. Co.*, 125 Or App at 326 ("During trial, after the presentation of [the plaintiff's] case, [the defendant] moved for dismissal under ORCP 54 B(2) * * *.").

with our prior practice, we treat defendants' motions as motions for summary judgment.

Summary judgment is appropriate if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47 C. This court reviews the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party, in this case, plaintiff. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997).

■■ We now turn to the merits of plaintiff's appeal. To prevail on an IIED claim, a plaintiff must prove that (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's actions caused the plaintiff severe emotional distress, and (3) the defendant's actions transgressed the bounds of socially tolerable conduct. *McGanty v. Staudenraus*, 321 Or 532, 543, 901 P2d 841 (1995). On appeal, plaintiff contends that, because neither his IIED claim nor his request for damages required proof of an emotional condition, the trial court erred when it dismissed his IIED claim and struck his request for damages. Defendants contend that the court did not err because plaintiff's declaration disclaims any intent to offer evidence at trial of his emotional condition.

The parties' disagreement centers on the meaning of the term "emotional condition" as used in the declaration. On appeal, plaintiff reiterates the position he took in the trial court. At oral argument, he elaborated that, in his view, the term "emotional condition" is not equivalent to emotional distress. Defendants, however, view the presence or absence of emotional distress as an "emotional condition" and argue that, because plaintiff has disclaimed any reliance on an "emotional condition," he cannot prove that he suffered emotional harm from defendants' conduct.

Our standard of review requires us to view the evidence—here, the declaration—in the light most favorable to plaintiff. So viewed, the declaration establishes that plaintiff will present neither expert evidence from a therapist nor evidence of a diagnosable "emotional condition" to prove his

claims. Plaintiff contends, however, that an emotional *condition* differs from states of emotional distress, such as humiliation, fear, and anger, and that he would introduce evidence of those emotional states at trial. Because plaintiff's proposed meaning of "emotional condition" is plausible and consistent with the overall declaration, the trial court erred when it granted defendants' motion.

Reversed and remanded.