Argued and submitted November 28, 2018, supplemental judgment vacated and remanded September 16, 2020

In the Matter of the Marriage of

John CARGAL,
*Petitioner-Appellant,*
*and*

Kristina M. LONG-CARGAL,
*Respondent-Respondent.*

Washington County Circuit Court
C133461DRA; A164070

475 P3d 438

In this domestic relations case, husband seeks reversal of a supplemental judgment that denied his motion to modify spousal support, partially granted his motion to modify child support, and held him in contempt for nonpayment. Husband argues that the trial court erred in granting wife's motion to dismiss his spousal support modification claim under ORCP 54 B(2), because husband had not yet completed the presentation of his evidence to demonstrate a change in circumstances. *Held*: The trial court prematurely granted wife's motion to dismiss before there was sufficient evidence to make an informed assessment on husband's alleged change in circumstances.

Supplemental judgment vacated and remanded.

Beth L. Roberts, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Landau, Senior Judge.*

POWERS, P. J.

Supplemental judgment vacated and remanded.

_____

* Egan, C. J., *vice* Garrett, J. pro tempore.

**POWERS, P. J.**

In this domestic relations case, husband seeks reversal of a supplemental judgment that denied his motion to modify spousal support, partially granted his motion to modify child support, and held him in contempt for nonpayment. In four assignments of error, husband challenges various rulings by the trial court. Wife does not appear on appeal. We write to address husband's argument that the trial court erred in granting wife's motion to dismiss husband's spousal support modification claim and conclude that the trial court prematurely granted that motion. Accordingly, we vacate the supplemental judgment and remand for further proceedings.[1]

Husband and wife were married in 2003 in Oregon, separated in 2011 in Arizona, and divorced in 2013 in Oregon. When the parties separated, the Superior Court of Arizona in Maricopa County awarded the parties joint custody of their two minor children, with wife retaining primary physical custody. The court found that the parties had equal monthly incomes of $1,352 and ordered husband to pay wife $326.19 per month in child support. After the parties separated, wife and the children relocated back to Oregon, and husband also came back to Oregon shortly thereafter. When the parties divorced, an Oregon court issued a dissolution judgment that ordered husband to pay wife transitional and short-term spousal support. The court ordered husband to pay wife transitional support in the amount of $500 per month for 12 months beginning on June 1, 2013, and $1,000 per month for 12 months beginning on June 1, 2014. Then, beginning on June 1, 2015, wife was to receive spousal maintenance support of $1,500 per month for 36 months.

In 2005, husband was diagnosed with Amyotrophic Lateral Sclerosis (ALS) or Lou Gehrig's disease. In 2006,

---

[1] Our resolution of husband's first assignment of error obviates the need to address husband's remaining assignments of error, which challenge the trial court's finding that husband had an income of $3,500 a month, the trial court's finding that husband willfully failed to pay support and holding him in contempt, and the trial court's denial of his motion to reopen the record based on new evidence.

husband's diagnosis was changed to Kennedy's disease, a motor neuron disease similar to ALS that also progressively worsens with the passage of time, albeit at a slower rate than ALS. Despite the diagnosis, husband continued to work for several years. When the parties divorced in 2013 and the court ordered spousal support, husband did not claim that his illness prevented him from working. After 2013, however, husband worked less and less, until he stopped working altogether. In June 2015, husband applied for disability benefits.

In July 2015, the parties agreed to a stipulated judgment modifying child custody and parenting time; the stipulated judgment made no modification to the existing spousal support or child-support obligation. In August 2015, wife filed a motion to require husband to show cause as to why he should not be sanctioned for failing to pay spousal and child support. Husband, in response, filed a motion for an order to show cause as to why spousal and child support should not be modified because of a substantial change in circumstances. His declaration in support of the motion averred, in part:

"5.    I am currently unemployed and I am unable to seek employment due to a medical issue. I have applied for disability in June of 2015. I am represented by Cascadia Disability.

"6.    My medical issue that prevents me from obtaining gainful employment is Kennedy's Disease, which is similar to ALS. I have had no income from employment for the last approximately 18 months. I currently live off of loans from friends and borrowed money from my family in order to support myself and children.

"* * * * *

"9.    I ask the court to terminate my spousal support award, and to modify child support pursuant to the Oregon child support guidelines."

At the hearing on wife's and husband's motions, husband presented evidence from Gaffney, a vocational evaluator and counselor, who evaluated husband's condition and his ability to work prior to the hearing. Gaffney based her vocational assessment on husband's prior medical records and two clinical interviews with husband. Gaffney

testified that, in her opinion, husband did "not possess the physical capacities to work either part-time or full-time." When asked about vocational training for husband and his income-earning ability, Gaffney explained:

> "I didn't pose any data in that regard in my report, because I don't think that he is employable now and I don't think that he's going to be employable in the future based solely on the medical evidence in this record. This is a serious illness. It's progressive and not likely to improve."

On cross-examination, wife confirmed with Gaffney that husband was diagnosed with Kennedy's disease in 2006 and asked about husband's unsuccessful attempt to work in 2012:

> "[Wife's Counsel]:  And was it your conclusion that [husband] was unable to successfully work in 2012 due to his physical limitations, primarily his difficulty with muscle weakness, difficulty ambulating, muscle cramps with exertion, insertion—intention tremor, speech and swallowing problems?
>
> "[Gaffney]:   That's my understanding.
>
> "[Wife's Counsel]:  And so as of 2012, [husband] has [had] these problems, these limitations which prohibited him from working, correct?
>
> "[Gaffney]:  Yes."

After Gaffney testified but before husband testified, wife moved to dismiss husband's motion to modify spousal and child support. Wife argued that, according to husband's own expert witness, husband was "disabled and unable to be employed" prior to the entry of the 2013 judgments that required him to pay spousal and child support. Therefore, according to wife, because he had failed to prove a change in circumstances, husband's motion to modify spousal and child support should be summarily dismissed.

In response, husband argued that Gaffney merely testified about what husband had told her about his attempt to work in 2012 and that she had not evaluated him at that time. Further, husband argued that Gaffney's opinion regarding his ability to work in 2012 was irrelevant to whether there had been a change in circumstances since the

2013 judgments, because, regardless of whether he had been able to work in 2012, the 2013 judgments did not reflect any limitation on his ability to work.

The trial court dismissed the spousal support claim:

"So, in reviewing the report of the vocational expert, I note that [husband] reported that he began experiencing weakness in 2000, was diagnosed in 2005 and re-diagnosed in 2006. All that information was available to the parties at the time of these support orders.

"So, I do not find that [husband] has provided a sufficient basis for modifying *** so I will grant the motion to dismiss."

After the court dismissed the spousal support claim, the hearing proceeded on the motion to modify child support and contempt claims. With respect to contempt, the parties stipulated to the *prima facie* elements for failing to pay spousal and child support. Husband asserted an affirmative defense of inability to pay: he testified that he did not work or generate any income and that his family members covered all of his living and medical expenses. Husband further testified that his health had weakened since 2013, and that he now occasionally relied on an oxygen tank and was also dependent on a cane to walk. Wife argued during her closing argument that husband's ability to pay all his living expenses—even if they were paid by his family members—demonstrated that husband had the ability to pay spousal and child support. The trial court took the case under advisement.[2]

Ultimately, the trial court entered a supplemental judgment, which provided, in part:

"(A) [Husband] has failed to prove a substantial change in circumstances regarding the spousal support

_____

[2] Before the trial court issued its supplemental judgment, husband learned from the Social Security Administration that his disability claim had been medically approved. As a result, husband filed a motion to reopen his case-in-chief to admit the newly discovered evidence of his disability status. Wife opposed the motion, arguing that the trial court should not exercise its discretion to reopen the case because husband had not yet actually received any benefits. The trial court denied husband's motion without explanation. Husband's fourth assignment of error challenges that ruling; however, we need not reach that issue given our resolution of husband's first assignment of error.

order and his request for modification of spousal support is denied.

"(B)   [Husband's] request for modification of child support is granted based upon a change in circumstances regarding the increased parenting time. * * *

"(C)   [Husband] is in contempt for willful failure to comply with court orders."

On appeal, husband contends that the trial court erred in granting wife's motion to dismiss his spousal support modification claim. Husband asserts that, because he had not yet testified and completed the presentation of his evidence, the trial court erred in granting wife's motion under ORCP 54 B(2).[3] Husband also argues that the trial court erred in granting the motion because a "modification would be warranted if there has been any substantial change in [husband]'s income producing abilities, even if those changes do not mean that he lacks any ability to work." As explained below, we conclude that the trial court erred in granting wife's motion to dismiss.[4]

In a proceeding without a jury, ORCP 54 B(2) authorizes a trial court to enter a judgment of dismissal based on

---

[3]   ORCP 54 B(2) provides:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

[4]   After husband filed his notice of appeal, but before husband filed his opening brief, the trial court terminated spousal support based on the parties' stipulation. The order retroactively terminated the spousal support award beginning on October 1, 2016, which apparently is the date husband began receiving social security benefits. Although husband is no longer obligated to pay spousal support after that date, the determination of whether the trial court erred by prematurely dismissing husband's motion to modify spousal support still has a practical effect on the rights of the parties. First, husband filed his motion to terminate or reduce his spousal support obligations in August 2015. Second, as noted below, 306 Or App at 533, the premature dismissal of his motion may have affected the development of the record for the remaining issues before the trial court, including the trial court's finding that husband's income was $3,500 a month and its decision to hold him in contempt.

insufficiency of the evidence at the close of the plaintiff's case. *Clark and Clark*, 171 Or App 205, 210, 14 P3d 667 (2000); *see also Venture Properties, Inc. v. Parker*, 223 Or App 321, 333 & n 7, 195 P3d 470 (2008) (discussing background of ORCP 54 B(2)). Under that rule, "a party is entitled to a dismissal only when the opposing party has failed to introduce credible evidence on the essential elements of the matter to be proved." *McJunkin and McJunkin*, 90 Or App 1, 4, 750 P2d 1164 (1988) (emphasis omitted). Further, "[w]here the plaintiff has introduced credible evidence on the essential elements of the cause or causes of action, the trial court should deny the motion and decline to render any judgment until the close of all the evidence." *Castro and Castro*, 51 Or App 707, 713, 626 P2d 950 (1981) (footnote omitted). In reviewing a dismissal under ORCP 54 B(2), "[t]he determination of whether the essential elements of a claim have been established—in other words, whether a *prima facie* case was made—is a question of law." *Clark,* 171 Or App at 210.

Here, husband was seeking to modify his spousal support obligation due to a change in economic circumstances. "A spousal support award may be modified when there has been a substantial and unanticipated change in the parties' economic circumstances since the time of the earlier award." *Harp and Harp*, 214 Or App 520, 523-24, 167 P3d 457 (2007). The party requesting the modification must show a change in circumstances that was not contemplated at the time of the court's judgment imposing the spousal support. "In determining whether a modification of a support award is appropriate, the overriding consideration is what is just and equitable, under the totality of the circumstances." *Id*. at 524 (internal quotation marks and ellipses omitted). In assessing a party's ability to pay a support award, "we are not restricted to a consideration of what either party is presently receiving but may consider the parties' earning capacities and potential future income." *Id*.; *see also* ORS 107.135(4)(a) (providing that, in its determination of whether a change of circumstances exists, a court shall consider "income opportunities and benefits of the respective parties from all sources," which includes the "reasonable opportunity of each party * * * to acquire future income and assets"). In imputing

potential income, however, a court may not merely speculate; "it may impute potential income based on earning capacity where there is sufficient information to make an informed assessment." *Harp*, 214 Or App at 524.

In this case, we conclude that the trial court prematurely granted wife's motion to dismiss before there was sufficient evidence to make an informed assessment on husband's alleged change in circumstances. Although it was undisputed that husband has suffered from Kennedy's disease since 2006 and that husband's expert testified that husband had physical limitations prohibiting him from working in 2012, we are not convinced that that evidence alone warrants dismissal. That is, although the evidence before the trial court demonstrated that husband's disease and potential physical limitations were apparent before the spousal support award was determined, the existence of those conditions alone does not necessarily foreclose development of evidence that could explain that the award did not sufficiently contemplate the extent of how husband's disease would manifest itself years later or how the disease affected his ability to earn an income.

Further, the trial court granted wife's motion after husband's first witness testified, but before husband had taken the stand to testify. By granting wife's dismissal motion before husband had finished presenting his case-in-chief, the trial court conclusively determined that husband had failed to show a change in circumstances. Although husband ultimately did testify about his health and ability to work, we conclude that the court's error was prejudicial because the evidence may have developed differently had wife's motion to dismiss that claim not been granted prematurely. *See Clark*, 171 Or App at 212 (noting that, "[t]o the extent that the trial court determined that husband had credibly established his affirmative defense during wife's case, the court decided the issue prematurely"); *see also id.* at 213 (holding that "[t]he trial court accordingly erred when it prematurely decided husband's affirmative defense during wife's case-in-chief and dismissed the proceeding").

Because the trial court erred in granting wife's motion to dismiss husband's motion to modify spousal

support, it follows that the supplemental judgment declining to modify child support based on a change in economic circumstances and holding husband in contempt over his argument that he was unable to pay must also be vacated and remanded for further proceedings. On remand, the parties will be able to develop a full record on whether there was a substantial change in husband's income-producing abilities, which is a necessary factor for the trial court to find husband's income for purposes of both spousal and child support as well as whether he has asserted any valid defense to the contempt issue.

Supplemental judgment vacated and remanded.