***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 23, affirmed December 14, 2022

EASTSIDE BEND, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

CALAVERAS II, LLC,
an Oregon limited liability company;
Cottages at Village Park, LLC,
an Oregon limited liability company;
Scholls Development, LLC,
an Oregon limited liability company;
Saiid Behboodi and Bahram Behboodi, individuals;
and B&B Realty Investors, LLC,
an Oregon limited liability company,
*Defendants-Respondents.*

CALAVERAS II, LLC,
an Oregon limited liability company et al.,
*Counterclaim-Plaintiffs,*

*v.*

EASTSIDE BEND, LLC,
an Oregon limited liability company et al.,
*Counterclaim-Defendants.*

Deschutes County Circuit Court
20CV01839; A175754

Beth M. Bagley, Judge. (Limited Judgment)

Walter Randolph Miller, Jr., Judge. (Order)

Martin E. Hansen argued the cause for appellant. Also on the briefs was Francis Hansen & Martin LLP.

Michael W. Peterkin argued the cause for respondents. Also on the brief were Janet M. Schroer, Peterkin Burgess and Hart Wagner LLP.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals from a limited judgment entered after the trial court granted defendants' ORCP 54 B(2) motion to dismiss plaintiff's claim for injunctive relief.[1] Plaintiff argues that the trial court erred when it concluded that plaintiff failed to show irreparable harm from defendants' continued construction in The Cottages, a residential development in Bend. Defendants respond that there was no legal error in granting the motion to dismiss, given the factual record as found by the trial court. For the reasons explained below, we agree with defendants. Accordingly, we affirm.

Because a lengthy description of the underlying facts would not benefit the bench, the bar, or the public, we confine our recitation of the facts to those required to explain our analysis. Plaintiff owned 76 lots in The Cottages. Plaintiff sold defendants 53 of those lots and retained ownership of the remaining 23 lots. All of the lots are subject to The Cottages Covenants, Conditions and Restrictions (CCRs). The CCRs create an Architectural Review Committee (ARC), the purpose of which is "to enforce the architectural standards of the community and to approve or disapprove plans for improvements proposed on the Lots." At the time of this litigation, Gary Miller (Miller), who created the CCRs on behalf of plaintiff, was the sole member of the ARC. The CCRs stipulate that prior to construction, lot owners "shall first submit to the ARC a complete set of plans and specifications for the proposed improvements." Defendants began to build in The Cottages without submitting plans to the ARC and plaintiff subsequently notified defendants of the

---

[1] ORCP 54 B(2) reads:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

alleged breach of the CCRs.[2] Defendants eventually submitted plans to the ARC but those plans were deemed insufficient by the ARC. Plaintiff then filed in the circuit court seeking to enjoin defendants from further construction.

At the bench trial, plaintiff introduced evidence, primarily in the form of Miller's testimony, to support a *prima facie* case for an injunction. At the close of plaintiff's case, defendants moved to dismiss the case under ORCP 54 B(2), arguing that plaintiff had failed to prove that it would suffer irreparable harm if an injunction was not granted. The trial court agreed with defendants, finding that:

> "The testimony and evidence presented on plaintiff's claim for injunctive relieve does not, by clear and convincing evidence, establish any irreparable harm. Mr. Hansen asked plaintiff specifically that question, and about the harm or potential harm and, frankly, the answer was rather thin and did not provide the Court with any basis by which it could find irreparable harm by clear and convincing evidence."

The trial court granted defendants' motion and entered a limited judgment without money award in favor of defendants. This appeal followed.

On appeal, plaintiff argues that the trial court's dismissal was in error because the evidence "did in fact, establish each of the elements of its claim for injunctive relief by clear and convincing evidence." In effect, plaintiff is asking us to reweigh the evidence under *de novo* review. When, as here, a plaintiff's claim is equitable in nature, ORS 19.415(3)(b) authorizes us to exercise our discretion to review a trial court's ruling *de novo*. However, we exercise *de novo* review sparingly and only in exceptional circumstances. ORAP 5.40(8)(c). Those circumstances do not exist here.

Accordingly, we follow our well-established standards and "review the trial court's legal conclusions for errors of law and its factual findings to determine whether

---

[2] The parties dispute whether defendants were, in fact, required to submit plans to the ARC. Defendants argue that because they purchased building plans from plaintiff their buildings were, in effect, preapproved by the ARC. Plaintiff maintains that defendants were required to submit plans to the ARC. That dispute is not at issue in this appeal.

the findings are supported by any evidence in the record." *Vukanovich v. Kine*, 302 Or App 264, 274, 461 P3d 223, *rev den*, 366 Or 827 (2020). We are bound by a trial court's findings of fact if there is evidence in the record to support them. *Ramos v. Potkowski*, 322 Or App 686, 521 P3d 840 (2022).

Whether a plaintiff failed to make a *prima facie* case for injunctive relief is a legal conclusion that we review for errors of law. *See Cargal and Long-Cargal*, 306 Or App 526, 531-32, 475 P3d 438 (2020) (citing *Clark and Clark*, 171 Or App 205, 210, 14 P3d 667 (2000)). Here, we understand plaintiff to argue that the trial court committed legal error because the record establishes irreparable harm. But accepting the facts as found by the trial court, there was no legal error in granting the ORCP 54 B(2) motion. One of the requirements for an injunction is that the plaintiff demonstrate irreparable harm by clear and convincing evidence. *Howe v. Greenleaf*, 260 Or App 692, 712, 320 P3d 641 (2014) (quoting *Eagles Five, LLC v. Lawton*, 250 Or App 413, 422, 280 P3d 1017 (2012)). But the trial court found that plaintiff's evidence "did not provide the Court with any basis by which it could find irreparable harm by clear and convincing evidence."

That finding is supported by the record. On direct examination, Miller was asked to describe the harm that would occur if building was allowed to proceed without ARC review and approval. Miller responded by stating only that, because defendants had not submitted plans to the ARC, he had no guarantee that defendants were complying with the ARC standards, particularly with regard to the type of materials used in construction, the paint colors being used, and landscape design. Use of unauthorized construction materials, paint colors, and landscape designs are things that by their nature can be fixed or altered with money. Miller did not provide any testimony that there was anything about this case that made that proposition untrue, such that there was irreparable harm caused by defendants.

Plaintiff further challenges the trial court's ruling because the trial court failed to make factual findings or credibility determinations in its ruling and because,

according to plaintiff, the trial court relied on evidence that was not in the record to grant the motion. We reject both arguments.

Plaintiff never asked for special findings under ORCP 62 A, so the trial court was not required to make any. *See Stewart v. Division of State Lands*, 237 Or App 86, 95, 239 P3d 263 (2010), *rev den*, 350 Or 530 (2011), *cert den*, 565 US 1114 (2012) (concluding that when a party fails to demand special findings under ORCP 62, ORCP 54 B(2) does not, standing alone, require the trial court to make special findings). Further, the trial court's ruling was not based on extra-record evidence. Instead, the trial court explicitly relied on Miller's testimony regarding the nature of the harm, as stated above, when it granted the motion.

In sum, on this record, the trial court did not commit legal error when it granted the ORCP 54 B(2) motion.

Affirmed.